# IN THE SUPREME COURT OF THE STATE OF NEVADA

HEIDI BABER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77650

FILED

JUN 3 0 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of coercion. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Heidi Baber argues that the district court erred by finding that sufficient evidence supported her conviction when it denied her motion for judgment of acquittal.[1] We disagree.

The district court may "set aside the verdict and enter a judgment of acquittal if the evidence is insufficient to sustain a conviction." NRS 175.381(2). When reviewing a challenge to the sufficiency of evidence,

---

[1]Baber also argues that the district court erred by misinterpreting the "physical force" element of NRS 207.190(2)(a) to include physical force against the victim's property, rather than only the victim's person. But she did not raise this issue in the district court, so we decline to consider it in the first instance on appeal. *See Rimer v. State*, 131 Nev. 307, 328 n.3, 351 P.3d 697, 713 n.3 (2015) (explaining that this court need not consider arguments raised for the first time on appeal). Finally, she argues that cumulative error warrants reversal, but in light of our disposition, there is no error to cumulate.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-24231

we consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The jury heard the victim's 911 call, in which she explained that "[Baber] cut all my phones," the victim's voluntary statement to the police, in which she explained that she "wanted to call for help, but [her] phones did not work. [Baber] cut them," and her testimony from the preliminary hearing, in which she explained that she would have called the police had Baber not disabled the phone. The jury also heard testimony from the responding police officer, who testified that the victim told him that Baber had "cut the lines to the land line" and removed the battery from her cell phone, he saw that "the cables were cut," he checked the land-line phone and found that it was inoperable, and he checked the cell phone and found that the battery was missing. The jury also saw a photo of the severed phone line that the officer took and described for the jury.

After viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Baber used physical force. So we conclude that sufficient evidence supported the verdict, and the district court properly denied the motion for judgment of

acquittal.[2] Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Stefany Miley, District Judge
Mayfield, Gruber & Sheets
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]Baber offers two other arguments within her broader theory of insufficient evidence: (1) the abuse-of-an-older-person statute, NRS 200.5092(2), has "the same" physical-force element as NRS 207.190(2)(a)'s physical-force element, and because the jury acquitted her of abuse, it should have also acquitted her of coercion; and (2) the jury should have acquitted her of coercion because the State did not prove that the phone was inoperable despite saying during a post-trial hearing that it "was required to prove that the Defendant cut the cord, and [thereby] disabled the phone." Neither is persuasive. The first is simply untrue, but even if it were true, inconsistent verdicts are not grounds for relief. *See United States v. Powell*, 469 U.S. 57, 69 (1984) ("[T]here is no reason to vacate respondent's conviction merely because the verdicts cannot rationally be reconciled."). And as to the second, NRS 207.190(2)(a) contains no such element.

